May it please the Court, my name is Yonatan Rosenzweig. I'm from the law firm Catamucian-Roseman. I'm representing Petitioner. Are you also appointed counsel? I'm pro bono counsel. Pro bono counsel. Yes. Thank you for doing this and your friend too. It's our pleasure. I'm representing Petitioner Roberto Roman-Suaste. Your Honors, the main issue in this case is whether possession for sale of marijuana is an aggravated felony under the Immigration and Naturalization Act. Over the last eight years, the Supreme Court has, on three occasions, steadily limited how far a state statute can go in order to be the basis for deportation. In United States v. Lopez, the Court found that simple possession can't justify an aggravated felony. In United States v. Currucci, the Supreme Court found that recidivist possession can't be a basis for an aggravated felony determination. And most recently, in Moncrief, the Supreme Court found that possession with intent to distribute also cannot be the basis for an aggravated felony determination. The Supreme Court found that these are all low-level marijuana offenses. What about sale? Didn't Moncrief explicitly carve out sale? Moncrief did specify that there was no remuneration in that situation. And it went on to say, affirmatively, the presence of remuneration would mean that paragraph 4 is not implicated and thus that the conviction is necessarily for conduct punishable as a felony under the CSA. So if it's sale, at least under Moncrief, it's a felony under the CSA and would seem to be a categorical match. We are not asking the Court to use subdivision 4 as the basis for finding a mismatch between State and Federal law. What we're asking the Court to do in this case is take a short step from Moncrief to find that possession for sale also can involve low-level marijuana offenses, also could involve commercially insignificant amounts that can't amount to illicit trafficking. Well, where's their support? With Moncrief seeming to use, in so many words, remuneration as the dividing line, what's the support for us picking a different dividing line and deciding that remuneration isn't a disqualifier? The aggravated felony determination has two different prongs. The first is illicit trafficking, and the second is a drug trafficking crime. Under the illicit trafficking prong, Moncrief does apply. It finds that there's, that a low-level drug offense doesn't amount to illicit trafficking. That is, more specifically, it finds that a statute of conviction that would cover a low-level drug offense wouldn't be illicit trafficking. On the second prong of a drug trafficking crime, that imports the entire scheme of the under 841A4. Simple possession that is for remuneration cannot qualify as less than a felony. It would be a felony. The distinction that we're drawing for the drug trafficking crime prong is different. It relates to third-party sales. We have an argument that the California scheme covers more third-party involvement in sale of marijuana than does the Federal scheme. The Federal scheme covers attempt and conspiracy. The California scheme covers aiding, promoting, encouraging possession for sale of marijuana. That is to say, both statutes reach into third parties. Well, I mean, in Duenes-Alvarez, the Supreme Court dealt with aiding and abetting and seemed to me to say that that's just the same as the principle these days. Is that the line you're trying to draw? Aiding, abetting is what takes the California statute out of being a categorical match? Yes.  The comparison that we're drawing is between two cases, people against null and U.S. against SLUA. Now, SLUA is a Sixth Circuit case, and it relates to both. Well, let me give you Duenes-Alvarez. The quote, The question before us is whether one who aids or abets a theft falls like a principle within the scope of the generic definition. We conclude that he does. End quote. Now, this isn't theft, but I think the point being made in Duenes-Alvarez, and it goes on and talks about it, is that there was a time perhaps when aiding and abetting was treated differently, but that time is no longer now. And so that somebody may be reachable for aiding and abetting does not seem to me to take that person out from being a categorical match with the principle crime. Our argument is that it does. The California statute doesn't just cover aiding and abetting. The jury instruction 3.01 also extends to promoting and encouraging conduct that isn't aiding and abetting under Federal law. The difference can be appreciated from comparing two cases, which we point to in our opening brief and in our reply, which are people against null, a 1984 case where the California Court of Appeal affirmed a conviction of a person who had marijuana growing in their backyard without further evidence of knowledge, without further evidence of intent. The inference was drawn just from the presence of the substance. By contrast, in U.S. against SLUA, which is cited in the papers, the party who aided and abetted witnessed drugs being loaded into a van, arranged for transportation of the van before it was loaded, and served as a lookout for the van. Now, that's a Sixth Circuit case. However, it's illustrative of the differences between State and Federal law in terms of the reach into third parties. Moncrief doesn't serve to create a blanket exemption for possession for sale. Possession for sale also, however, does cover the types of low-level crimes that the Supreme Court was concerned with in Moncrief. We're drawing a different distinction here. However, it's also one that points to a mismatch between Federal and State law, a mismatch as to the reach into third-party law, third-party involvement. When it comes to the 11351 conviction, the 11351 conviction was under the modified categorical approach. That case brings to the Court's attention U.S. against Vidal, where an en banc court found that unless a plea contains the, quote, critical phrase, as charged in the indictment, then one can't use the modified categorical approach to assume that the drug identified in the complaint was the substantive issue. Didn't we change that rule in Cabin Talk? Cabin Talk was a panel decision where there was eight members who dissented from a denial of rehearing en banc, including Your Honor, where — And I suspect she's well aware of that, Ben. And it presented no reasoning for why Vidal didn't expressly apply. So there weren't 12 judges to take an en banc. But were the matter of Cabin Talk to be brought to an en banc court, it seems likely that the Court would re-say what it said in Vidal. Why would it say — why do you say it's likely if the dissent got eight and we got 29 judges in the court? Now, that — those numbers can't be taken to the bank, but the Court had an opportunity to rehear Kondopak en banc and it didn't. Is there any reason that we're allowed to ignore it because we decide we don't like it and a lot of judges didn't like it? It's not precedential whether it goes en banc or whether there's a dissent for denial. My assumption was that 21 judges weren't paying as close attention to the issue. It does seem that the modified categorical approach was further reaffirmed in Discamps and the approach of the dissent from the rehearing in Cabantech was further reaffirmed where Justice Kennedy in his concurrence said that certain facts in the documents approved for judicial examination under the modified categorical approach may go uncontested during a plea negotiation because they do not alter the sentencing consequences of the crime. That's precisely the point that the dissent from denial of rehearing in Cabantech was making, precisely the point that the majority in the en banc decision of U.S. against Vidal was making. Your Honors, I see that my time has expired. Thank you very much. Thank you very much. May it please the Court. I'm Susan Green for the Attorney General. And first I want to point out that the argument in this case seems to have shifted significantly after my 28J letter that pointed out this Court's decision in Carrasco that said after Moncrief that convictions under California Health and Safety Code 11359 were still categorical aggravated felonies. So I still think that that case is very strong, that nails down the proposition. Carrasco is not precedent, though, is it? It's true, but it's my understanding in reading the rules that this Court issues non-precedential decisions when something is clearly established under Ninth Circuit law. It's not necessarily true. Well. That's not. It's worth a try. It's worth a try, but it's not necessarily true. In that case, well, it was preexisting law and also in unpublished cases, but the more general principle that possession of marijuana for intent to sell is an aggravated felony is established in this Court's published decision of Rendon v. Mukasey, and that's not under the California statute. It's under the Kansas statute, and that was referenced in my 28J letter. But also, as we read Moncrief and we see that in Moncrief, it says that, you know, Moncrief was a largely discussion of a particular statutory section that is not relevant in this case, and the court in Moncrief said possession with intent to sell would be for remuneration, and that would be different. So, you know, I think that's very strong authority. My Petitioner, at least today, isn't emphasizing sale. It was emphasizing, was it State being null or people being null? The decision that was cited in the brief suggesting that this statute might be applied to somebody whose involvement was perhaps more peripheral. Well, I mean, first of all, I say Duenas-Alvarez particularly entertained the argument that California aiding and abetting law is somehow special. And the court carefully looked at the best cases that they could adduce for that proposition in Duenas-Alvarez, and it said, no, we see no reason to say that California aiding and abetting law is somehow special and aberrant from other, from Federal aiding and abetting law and aiding and abetting law generally. And also, getting to their specific cases that they cited, they've matched up this null case with the Sleo case from the Sixth Circuit, and that is apples and oranges. The null case was a case where there was a landowner who there were marijuana gardens on her property. There was a hose running from her mobile home to the garden. There was all kinds of gardening equipment. And the argument was about, well, had, was there a showing that she had committed an act of aiding and abetting as well as having knowledge. The jury found she had knowledge that somebody was growing marijuana on her property because there were, you know, six-month-old marijuana plants. And the court said the special fact that she's a landowner and she's permitting somebody to use her land is an act in the aiding and abetting. So that's, null was about the action that's required for aiding and abetting, which Sleo is about the other part of aiding and abetting, which is about what you have to prove to prove knowledge of the underlying crime. So that's not a useful juxtaposition of those two cases. But I would say that there's nothing remarkable in null that would suggest that California has some kind of unusual aiding and abetting doctrine. It's, it simply says that letting somebody use your land to commit a crime can be aiding and abetting. And so that I would think would nail down the, that the conviction for possession of marijuana for sale under California law was an aggravated felony. And I remind the Court that only one aggravated felony has to be established. So that should be enough. But I will also, I'll move on to this question about the modified categorical approach. The Kubantek case has been followed in four published decisions. There are, you know, the Court has gone with the proposition that was established in Kubantek that where the complaint refers to the drug in issue, and the minutes or the abstract of judgment refer to that count of the complaint, that connects the dots and shows that the drug referred to in the complaint was what the conviction was about. Going back and arguing about Bedall, you know, I think Bedall is, I mean, I think the fact that Kubantek has been cited in four more published decisions, or at least four published decisions have followed that line of thinking, is very persuasive. But also, this Court's decision of Baldobino does talk about Bedall and say why Bedall doesn't stand for the proposition that the complaint plus the abstract referring to the count of the complaint are enough. And Baldobino said, first, in Ruiz, there seemed to be a mismatch between the complaint and the guilty plea. The complaint referred to taking and driving the vehicle, whereas the guilty plea only referred to driving. So that looked like there was a mismatch. And in Bedall, that was in the pre-Snellenberger on bank days, so they couldn't they weren't looking at the minutes that might have helped nail down what the conviction was about. So as this Court said in the published decision of Baldobino, Bedall is really superseded by Snellenberger on bank and then the Kubantek decision. So that should nail down the possession of cocaine with intent to sell. I think they're both established as aggravated felonies. But we had admissions. We had admissions that involved cocaine. Yes, sir. Yes, sir. There was also an admission. That's in the record, too. Yes, sir. That is as well. It certainly is. Yes. This case is really overdetermined. I mean, there were many, many ways to get to the same result. And for that reason, I would ask the Court to deny it. But you're urging that we find that Section 1131,1359 is categorically aggravated. Yes, ma'am. I think it's clear that it is. Okay. Well, you're urging, we've never, that's a question of first impression in terms of precedential value. Sure. I mean, I think it would be helpful to have a published case, because although I'm very convinced by your unpublished cases, apparently you all think that something more is required. So I think it would be useful for everyone to have, so we wouldn't have to come back and argue about that. Thank you. Thank you. Did you reserve any of your time? I did not. I didn't have a chance to address the admission, which was raised. Okay. Thank you. A couple minutes for that. Your Honor, the admission to the immigration judge is not relevant at all, either to the modified categorical approach or as an admission. It's not relevant to the modified categorical approach because it's not one of the conviction documents. It's not a conviction document. It's not a conviction document. The admission is not relevant for the immigration authorities' rules themselves because they didn't have a valid notice to appear. The notice to appear didn't identify 11351, which is specifically required by the statute, by the code. So Congress requires the notice to appear for due process reasons to specify the code provision under which a Petitioner who has served his time is being deported. This notice to appear did not. So there's no pleading admission. That fails. And it's not part of the conviction documents. That's clear under Shepard. Thank you, Your Honor. Thank you very much, counsel. Again, we appreciate pro bono counsel coming in and arguing these cases. Rummage Survey will be submitted.
judges: Benavides, WARDLAW, CLIFTON